### JORGEN R. EIDEM v. M. E. DAHL.[1]

January 8, 1932.

No. 28,677.

*F. H. Peterson* and *Clifford F. Hansen,* for appellant.
*Christian G. Dosland,* for respondent.

[1]Reported in 240 N. W. 531.

HILTON, J.

Defendant Dahl appeals from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

This action was brought in April, 1930, against Dahl and the Citizens State Bank of Twin Valley. Dahl (hereinafter referred to as defendant) was the managing officer of the bank. At the close of plaintiff's case the action was dismissed as to the bank.

Plaintiff was an old man, foreign-born, unable to read or write the English language and without any business experience. He formed a partnership with Hilmer T. Bueng, 22 years of age, and engaged in the restaurant business in Twin Valley for about six months. The business, due largely to competition and the inexperience of the partners, did not prove profitable. They desired to sell it and arranged with defendant to find a purchaser. In October, 1923, through defendant's efforts, two local restaurant men made the purchase for $2,095.38 and evenly divided the purchased property. A commission was paid defendant for the service rendered.

One of the purchasers was able to pay his one-half in cash; the other (Wangen) was without funds. Defendant agreed to arrange a loan from the bank to him for the balance of the purchase price if plaintiff and his partner would, instead of cash therefor, take a $1,000 note signed by one Hans Nelson and secured by a chattel mortgage on Nelson's property. The partners agreed to do so. Defendant then owned such a note and mortgage. The next day, October 26, 1923, he secured a renewal of each, due November 1, 1924, and in which plaintiff and Bueng were named as payees and mortgagees.

The bank made a loan to Wangen of $1,500 on real estate security; of this the necessary amount to pay for Wangen's one-half interest in the purchased restaurant was taken and kept by defendant, plaintiff and Bueng receiving the Nelson note and mortgage in lieu thereof. The transaction amounted to a sale of the note and mortgage to them. Defendant however retained the note and mortgage in his possession.

The indebtedness of plaintiff and his partner to wholesale and other creditors was underestimated; the cash received by them from the sale of their property was much less than half enough to liquidate the debts. Plaintiff, by borrowing money and mortgaging his home, obtained sufficient money to pay the balance of the debts.

Plaintiff succeeded to the rights of Bueng and sought recovery of damages for fraud and breach of warranty (guaranty) in the sale of the note and mortgage. The complaint raised both issues. Defendant moved the court to require plaintiff to elect as to which he would rely upon. This the court properly refused to do, and evidence was received on both. The charge of the court presented both issues to the jury. A verdict was returned in plaintiff's favor for $1,200.

This case is largely one of fact. There was testimony of three witnesses, plaintiff, Bueng, and the latter's father, all of whom testified positively that the defendant represented that the maker of the note was financially responsible and that the mortgaged property, consisting of an automobile, Fordson tractor, hay baler and a gang plow, was worth $1,300; that the note and mortgage were 100 per cent good and collectible; and that these representations proved to be untrue. They also testified that in consideration of the taking of the note and mortgage, as before stated, defendant promised and agreed to collect the $1,000 and interest for plaintiff and his partner, guaranteed and warranted so to do, and to save them from any loss in the matter. Other like testimony was given. They further testified that all these representations and promises were relied upon. Defendant testified that the mortgaged property was worth the amount claimed by him, denied any fraud or misrepresentations, and denied that he ever made any such warranty and guaranty as testified to. On the conflicting evidence the jury was justified in concluding that not only were false representations made and relied upon, but also that there was an absolute warranty by defendant that he would collect the $1,000 and interest for the payees.

Reliance having been placed upon the representations and promises above referred to, it was unnecessary that a personal investigation be made either by plaintiff or his partner as to Nelson's solvency or the value of the property mortgaged. Cases cited relative to the necessity of personal investigation under certain conditions are not in point here.

Defendant kept the note and mortgage in his possession during the years that followed, but was able to collect only $300 thereon, which he received from a sale of the mortgaged property. It was not paid to plaintiff.

Defendant advances the proposition that the statute of limitations had run against plaintiff's claim. It had not. The action was commenced within six years after November 1, 1924, which was the earliest date that the nonpayment of the note could be ascertained or defendant's breach of his warranty obligation asserted.

We have carefully examined all the assignments of error, including those relative to rulings on admission of evidence and the charge of the court. We find no grounds for reversal therein. Taking the record in its entirety, and after considering all the points presented by able counsel, we are satisfied that the parties had a fair and impartial trial. The verdict was amply supported by the evidence.

Affirmed.

LORING, J. took no part.